**Dennis James RYAN a/k/a Jordan James Eackles, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1080S397.**

Supreme Court of Indiana.

Feb. 19, 1982.

Ronald V. Aungst, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Frederick N. Kopec, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The appellant, Dennis James Ryan, was convicted by a jury of two counts of dealing in a narcotic drug, Ind.Code § 35–48–4–1. He was sentenced to fifteen years' imprisonment.

The evidence supporting the verdict shows that on two occasions, the appellant sold heroin to two undercover agents of the Portage Police Department at a motel in Portage.

Three issues are presented on appeal:

(1) Whether the trial court erred in granting the State's motion in limine barring the use by the defense of a certain deposition.

(2) Whether the trial court erred in refusing to require the disclosure of a confidential informant.

(3) Whether the verdict was erroneous as a matter of law and as a matter of fact because the State failed to carry its burden in overcoming the defense of entrapment.

## I.

The trial court granted the State's motion in limine precluding the use by the defense of a deposition taken from Forrest Zayne Brown. Brown, according to the record, was present during the second heroin sale. The prosecution argued in its motion that the deposition should not come in because the State had not been afforded a reasonable opportunity to be present at its taking, having been given only twenty-seven hours' notice that the deposition was to be taken in Chattanooga, Tennessee. During the trial, the defense sought to introduce the deposition, the State objected, and the trial court sustained the objection. The appellant asserts error, claiming that it was vitally important that the deposition be admitted because it would be important in establishing his defense of entrapment.

The granting of a motion in limine is a matter committed to the discretion of the trial court and an abuse of discretion must be demonstrated to justify reversal on appeal. *O'Connor v. State*, (1980) Ind., 399 N.E.2d 364.

The appellant has not demonstrated an abuse of discretion. Twenty-seven hours' notice of a deposition to be taken in Chattanooga, Tennessee, is not "reasonable notice" as required by Ind.R.Tr.P. 30(B). The party entitled to notice of a deposition must not only have time to make arrangements and to travel to the place where the deposition is to be taken, but also must have time to seek a protective order under the rules, if necessary. The trial judge did not abuse his discretion in barring the use of the deposition.

## II.

During cross-examination, the defense questioned one of the undercover police officers about the identity of the person who initially advised him that drug sales and prostitution were going on at the motel. The officer refused to disclose the

identity of his confidential informant. The trial judge refused to require the State to disclose the identity of the informant, and the appellant claims that this refusal constituted reversible error.

The general policy of Indiana is to prevent the disclosure of an informant's identity unless the defense can demonstrate that disclosure is relevant and helpful to the defense or is necessary to a fair trial. *Lewandowski v. State*, (1979) Ind., 389 N.E.2d 706.

In this case, the assertion that the disclosure would have been necessary to a fair trial because the informant may have had knowledge about the appellant's predisposition to sell drugs, is not persuasive. The record reveals that the confidential informant had given the police accurate information on other occasions. The information that brought the police to the motel on this occasion was that a woman was selling "speed" to truckdrivers and was engaging in prostitution. The informant did not participate in the drug sales that resulted in the appellant's arrest, and was not even present when the sales took place. The appellant's claim that the informant's identity could have been extremely important in regard to the defense of entrapment is entirely speculative and falls far short of meeting the burden of demonstrating that disclosure should have been required. There was no error here.

### III.

The appellant contends that the verdict was contrary to the facts and to the law in that there was a implicit finding that he was not entrapped and was predisposed to commit the crimes. He admits that he obtained the heroin, but argues that he was entrapped because he was not predisposed to sell it.

Indiana Code § 35–41–3–9, provides:

"(a) It is a defense that:

(1) The prohibited conduct of the person was the product of a law-enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and

(2) The person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment."

When the defense of entrapment has been raised, the State has the burden of proving beyond a reasonable doubt that the defendant's conduct was not a product of the efforts of a law enforcement officer *or* that the accused was predisposed to engage in the conduct. *Williams v. State*, (1980) Ind., 412 N.E.2d 1211; *Hardin v. State*, (1976) 265 Ind. 635, 358 N.E.2d 134. Thus, the issue is whether there was substantial evidence of probative value to support the conclusion that the appellant had a predisposition to commit the crime. The evidence included the following. In August of 1979, two Portage undercover police officers, acting on the information supplied by a confidential informant, went to a motel in Portage to investigate drug sales and prostitution. They asked a man there where they might buy marijuana. The man, Bartley, took them into the hallway of the motel and told them to remain there. They saw Bartley knock on the door of a room and appellant and two other people came out of the room. Appellant approached the two officers and introduced himself. One officer said, "Hey, you know, the white dude carried us down here, said we could cop a bag of reefer, you know, you know anything about it?" The appellant replied, "Oh, you want some reefer?" and left for a few minutes. When he returned, he made the comment that the female undercover officer appeared to be in "pretty bad shape." The male officer replied that she was a "downer freak." The appellant then offered to obtain for her "the best possible down" saying "I can get you some herin [sic]." The appellant quoted the price as $15 "per button" and told the officers that three "buttons" were required to "get high". The appellant himself testified that he told the officers that he "knew where the dope houses was at, and that they could wait in my room, that I would go and get it for him." He left the motel and returned in one hour with six heroin capsules of which he gave three to the officers in re-

turn for $45 in cash. On the following day the officers returned to the appellant's room at the motel and asked the appellant if he could get more heroin for them. The appellant replied that it would be no problem if they could give him a ride to Gary. One of the officers drove the appellant to Gary and saw him enter a "dope house". When they returned to the motel the appellant handed six heroin capsules to the female officer and took $90 in cash from her.

In summary, the evidence reveals that the appellant first approached the officers, was the first to mention heroin, knew the price, knew how much to use, knew where to obtain it, did obtain it, and sold it. The appellant's claim to the jury that he was merely being a Good Samaritan helping out a woman in need may well not have persuaded the jury. There was ample evidence from which the jury could have concluded that the defendant was predisposed to commit the crimes and that the police merely provided the defendant with an opportunity to do so.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.