Richard McGOWAN, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 28S05–9612–CR–762.

Supreme Court of Indiana.

Dec. 19, 1996.

Rehearing Denied May 23, 1997.

Eugene C. Hollander, Special Assistant to the Office of the State Public Defender, Indianapolis, for Defendant–Appellant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

### ON PETITION TO TRANSFER

DICKSON, Justice.

The defendant Richard McGowan was convicted of dealing in cocaine, a Class A felony. In affirming the conviction, the Court of Appeals noted apparent inconsistencies among prior decisions of this Court regarding the defense of entrapment. *McGowan v. State,* 671 N.E.2d 872, 880, (Ind.Ct.App.1996). To resolve this issue, we grant transfer and adopt the position taken herein by the Court of Appeals.

The defense of entrapment is provided by statute as follows:

(a) It is a defense that:

(1) The prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in a conduct; and

(2) The person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

IND.CODE § 35–41–3–9 (1993).

The Court of Appeals correctly noted that several cases from this Court "seem to stand for the proposition that the State must disprove both elements of the defense beyond a reasonable doubt to deny the defendant the benefit of the defense." *McGowan,* 671 N.E.2d at 880 (citing *Smith v. State,* 565 N.E.2d 1059, 1063 (Ind.1991); *Gossmeyer v. State,* 482 N.E.2d 239, 241 (Ind.1985); *Baird*

whether the missing guardrail was a patent or latent defect was a disputed fact for the jury. *Id.* at 912–13.

v. State, 446 N.E.2d 342, 344 (Ind.1983)). The defendant's conviction in *Baird* was reversed due to the failure of the State to prove predisposition, and we stated:

It is clear that in order to rebut the defense of entrapment the state must show two things; i.e., first, that the level of police activity was not such that it would persuasively affect the free will of the accused, and second, that the accused was predisposed to commit the offense. Part (b) of the statute is explanatory of the level of police activity that would be necessary to support the entrapment defense but this section does not negate the requirement of the necessary predisposition on the part of the accused. We have consistently held that *if* the accused had the predisposition to commit the crime and the police merely afforded him an opportunity to do so, then the defense of entrapment is not available.

*Baird*, 446 N.E.2d at 344.

However, as also correctly noted by the Court of Appeals, in several cases, we have held that the defense of entrapment may be rebutted by demonstrating the nonexistence of only one of these two elements. *McGowan*, 671 N.E.2d at 880 (citing *Mack v. State*, 457 N.E.2d 200, 202–03 (Ind.1983); *Watkins v. State*, 436 N.E.2d 83, 84 (Ind.1982); *Ryan v. State*, 431 N.E.2d 115, 117 (Ind.1982)). This Court, in *Ryan*, stated:

When the defense of entrapment has been raised, the State has the burden of proving beyond a reasonable doubt the defendant's conduct was not a product of the efforts of a law enforcement officer *or* that the accused was predisposed to engage in the conduct.

*Ryan*, 431 N.E.2d at 117 (emphasis in original). Recently, when this court reviewed the entrapment defense generally, we observed:

Once a defendant has both indicated his intent to rely on the defense of entrapment and has established police inducement, the burden shifts to the State to show the defendant's predisposition to commit the crime.... The standard by which the State must prove the defendant's predisposition is beyond a reasonable doubt.... If the defendant shows police inducement and the State fails to show predisposition on the part of the defendant to commit the crime charged, entrapment is established as a matter of law.

*Dockery v. State*, 644 N.E.2d 573, 577 (Ind. 1994).

In the present case, the jury was instructed that, in order to overcome the entrapment defense, the State must prove beyond a reasonable doubt either that the defendant's prohibited conduct was not the product of the police efforts or that the defendant was predisposed to engage in such conduct. The Court of Appeals found the instructions to be correct, rejecting the defendant claim's that the State is required to prove both elements. It held that because "the defense is established by demonstrating the existence of two elements, then it is logical that the defense is rebutted by demonstrating the nonexistence of one of those two elements." *McGowan* 671 N.E.2d at 880. We agree.

Upon granting the petition to transfer, the decision of the Court of Appeals is deemed "vacated and held for naught, except as to any portion thereof which is expressly adopted and incorporated by reference by the Supreme Court, and further, except where summarily affirmed by the Supreme Court." Ind. Appellate Rule 11(B)(3). Often, this Court grants transfer primarily to address only one of perhaps several issues addressed by the Court of Appeals in a particular case. To declare our specific approval of all or a portion of an opinion of the Court of Appeals, we declare it "adopted" or "expressly adopted" and incorporated by reference. When we grant transfer and choose to address fewer than all the issues discussed in the Court of Appeals' opinion, we use the phrase "summarily affirmed" to indicate that as to the remaining issues, we are merely declining to review, "in essence a partial denial of transfer." *Kimberlin v. DeLong*, 637 N.E.2d 121, 123 (Ind.1994) *cert. denied*, —— U.S. ——, 116 S.Ct. 98, 133 L.Ed.2d 53 (1995).

We expressly adopt the Court of Appeals opinion as to Issue II regarding the entrapment defense. In all other respects the opin-

ion of the Court of Appeals is summarily affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.