## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 09 2016, 7:51 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ni Kung,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 9, 2016

Court of Appeals Case No.
49A02-1504-CR-196

Appeal from the Marion Superior Court

The Honorable Linda E. Brown, Judge

The Honorable Steven Rubick, Magistrate

Trial Court Cause No.
49G10-1408-CM-038377

**Altice, Judge.**

## Case Summary

[1] Ni Kung appeals his conviction for Patronizing a Prostitute,[1] a class A misdemeanor.  On appeal, he argues that the State presented insufficient evidence to support his conviction and to rebut his entrapment defense.

[2] We affirm.

## Facts & Procedural History

[3] On August 5, 2014, Detective Tabatha McLemore of the Indianapolis Metropolitan Police Department was working undercover by posing as a prostitute on a street corner in a high-prostitution area.  Detective McLemore saw a man, later identified as Kung, park his car nearby.  Kung kept looking at Detective McLemore and smiling, so she walked over to talk to him.  Through the open driver-side window, Detective McLemore asked Kung if he was waiting for someone.  Kung, who is Burmese and speaks limited English, initially told Detective McLemore that he was going to work.  Detective McLemore began to walk away, and Kung asked "how much[?]"  *Transcript* at 8.  Detective McLemore said twenty dollars, and then asked him what he wanted to do.  Kung responded, "everything."  *Id.* at 9.  Detective McLemore asked him if he meant "head" and sex, and Kung appeared not to understand.  She then pointed at his penis and said "to suck on that and sex."  *Id.*  Kung then smiled and said yes.  Detective McLemore said it would be thirty dollars, and Kung laughed and said that was too much.  Detective McLemore then said she

---

[1] Ind. Code § 35-45-4-3.

could do it for twenty dollars. Kung asked where they could go, and she told him to meet her at a house down the street. She then asked him if he was going to give her twenty dollars, and he said yes. Detective McLemore then turned to walk away, and Kung was stopped by other officers and arrested.

[4] As a result of these events, Kung was charged with class A misdemeanor patronizing a prostitute. A bench trial was held on March 11, 2015, at the conclusion of which Kung was found guilty as charged. Kung now appeals.

### Discussion & Decision

[5] Kung argues that the State presented insufficient evidence to support his conviction for patronizing a prostitute. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

In order to convict Kung of patronizing a prostitute as charged, the State was required to prove that he knowingly or intentionally agreed to pay money or other property to Detective McLemore for sexual intercourse and/or other sexual conduct. *See* I.C. § 35-45-4-3. On appeal, Kung reasserts the argument he made at trial—that he was unable to understand the conversation due to the language barrier and believed that Detective McLemore was offering to pay him to drive her somewhere. This argument is nothing more than a request to reweigh the evidence and judge witness credibility. The facts favorable to the conviction, as set forth above, are more than sufficient to support the conclusion that Kung understood the conversation and agreed to pay Detective McLemore for oral sex and sexual intercourse.

Kung also argues that the State presented insufficient evidence to rebut his defense of entrapment. The defense of entrapment is set forth in Ind. Code § 34-41-3-9 as follows:

> (a) It is a defense that:
>
> > (1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and
>
> > (2) the person was not predisposed to commit the offense.
>
> (b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

As our Supreme Court has explained,

> [a] defendant does not need to formally plead the entrapment defense; rather, it is raised, often on cross-examination of the State's witnesses, by affirmatively showing the police were involved in the criminal activity and expressing an intent to rely on the defense. *Wallace v. State*, 498 N.E.2d 961, 964 (Ind. 1986); *Fearrin v. State*, 551 N.E.2d 472, 473 (Ind. Ct. App. 1990). Officers are involved in the criminal activity only if they "directly participate" in it. *Shelton v. State*, 679 N.E.2d 499, 502 (Ind. Ct. App. 1997) (finding, where officers merely placed deer decoy in [a] field, they did not "directly participate in the criminal activity of road hunting," and the defendants thus failed to raise the entrapment defense). The State then has the opportunity for rebuttal, its burden being to disprove one of the statutory elements beyond a reasonable doubt. *Riley v. State*, 711 N.E.2d 489, 494 (Ind. 1999); *McGowan v. State*, 674 N.E.2d 174, 175 (Ind. 1996) (holding because entrapment is established by the existence of two elements, it is defeated by the nonexistence of one). There is thus no entrapment if the State shows either (1) there was no police inducement, or (2) the defendant was predisposed to commit the crime. *Riley*, 711 N.E.2d at 494.

*Griesemer v. State*, 26 N.E.3d 606, 609 (Ind. 2015).

[8]     The State argues that entrapment was not adequately raised at trial because Kung did not express his intent to rely on the defense. We note that Kung did not argue that police induced him to commit the offense of patronizing a prostitute. Instead, he argued that he did not commit the offense at all. Nevertheless, we will address Kung's entrapment argument on its merits.

[9]     To rebut the inducement element of an entrapment defense, "the State must prove police efforts did not produce the defendant's prohibited conduct . . .

because those efforts lacked 'persuasive or other force.'" *Id.* (quoting *Williams v. State*, 412 N.E.2d 1211, 1215 (Ind. 1980)). The evidence most favorable to the judgment establishes that Kung parked his car in a high-prostitution area, and he kept looking at Detective McLemore and smiling. She approached the car and spoke to him through the open driver-side window, asking him if he was waiting for someone. He responded that he was going to work, and Detective McLemore had begun to walk away when Kung asked "how much[?]" *Transcript* at 8. Detective McLemore said twenty dollars, and then asked him what he wanted to do. Kung responded, "everything." *Id.* at 9. Detective McLemore asked him if he meant "head" and sex, and Kung appeared confused. She then pointed at his penis and said "to suck on that and sex." *Id.* Kung then smiled and said yes. Detective McLemore said it would be thirty dollars, and Kung laughed and said that was too much. Detective McLemore then said she could do it for twenty dollars, and Kung agreed to meet her at a house down the street. Based on this evidence, a reasonable trier of fact could conclude that Detective McLemore did not exert persuasive or other force over Kung, and instead merely offered him an opportunity to commit the offense. I.C. § 34-41-3-9 expressly provides that such conduct does not constitute entrapment. The defense of entrapment was therefore adequately rebutted.

[10] Judgment affirmed.

[11] Robb, J., and Barnes, J., concur.