Dustin **BASS**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 34A02–0307–CR–609.

Court of Appeals of Indiana.

Oct. 14, 2003.

Brant J. Parry, Kokomo, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Dustin Bass appeals his convictions, following a bench trial, for Driving While Suspended, a Class A misdemeanor, and Failure to Stop After an Accident Resulting in Non–Vehicle Damage, a Class B misdemeanor. Bass raises a single issue for review, namely, whether the State presented sufficient evidence to sustain his convictions.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On October 19, 2002, Troy Stage, an employee of Opalescent Glass Company in Kokomo, was at work when he heard a "bang" outside. Stage went to see what had happened and saw that a vehicle had struck a fire hydrant on Opalescent Glass's property.[1] He then observed a person outside the vehicle surveying the damage. Next, he saw two persons in the vehicle leave the scene. Stage wrote down the vehicle's license plate number and reported the incident to the local police.

Shortly thereafter, Kokomo Police Officer Brian Sheetz arrived at the scene of an accident at another location, where he found Bass and his girlfriend, Megan Fewell, standing outside a vehicle arguing. During Officer Sheetz's investigation, he received a call from dispatch informing him of the hit-and-run at Opalescent Glass. The description of the vehicle involved in the hit-and-run matched Bass's vehicle. Officer Ryan Shuey later arrived at the scene, and Fewell, Bass's girlfriend and passenger in the vehicle, told him that Bass was driving when the vehicle struck the hydrant at Opalescent Glass. Bass, however, did not admit that he was driving the vehicle. Bass's driver's license had been suspended indefinitely in 1999. In addition, he had a previous license suspension in 1997 as a result of a conviction for driving while suspended in Florida.

The State charged Bass with driving while suspended and failure to stop after an accident resulting in non-vehicle damage. At trial, Stage testified that he could not identify the person he had seen surveying the damage to the vehicle and fire hydrant on Opalescent Glass's property. After Officer Sheetz testified, the trial court inquired whether Fewell had been subpoenaed to testify. The State claimed that it had sent her a subpoena, but defense counsel indicated that there was no return of service. Because Fewell had been in the courtroom earlier that day, the court indicated that it would issue a warrant for her arrest. However, no warrant was issued. Thereafter, the State called Officer Shuey and asked whether he had obtained information during his investigation about who had been driving the vehicle. When the officer began to respond that he had obtained certain information

---

1. Witnesses at trial referred to the object hit as both a fire hydrant and a water pipe. For purposes of this appeal, we will refer to the object as a fire hydrant.

from Fewell, Bass objected on hearsay grounds. The court overruled that objection and explained, "We anticipate that Ms. Fewell will be an unavailable witness. Go ahead and testify." Officer Shuey then stated that Fewell had told him that Bass had been driving the vehicle. Fewell did not testify at trial.

The trial court found Bass guilty as charged and sentenced him to serve one year in the Howard County Criminal Justice Center, with all but four days suspended, followed by one year on probation. This appeal ensued.

## DISCUSSION AND DECISION

When reviewing a challenge to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Salama v. State*, 690 N.E.2d 762, 764 (Ind.App.1998), *trans. denied.* We consider only that evidence most favorable to the judgment together with all reasonable and logical inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value to support the court's conclusion, we will not overturn the conviction. *Id.*

To convict Bass of driving while suspended, the State was required to prove beyond a reasonable doubt that: (1) the defendant was driving; (2) while his driver's license was suspended; and (3) that he knew of the suspension; and (4) less than ten years had elapsed between the date a judgment was entered against the defendant for a prior unrelated driving while suspended infraction violation and the date of the current violation. *See* Ind.Code § 9–24–19–2; *see also Nasser v. State*, 727 N.E.2d 1105, 1109 (Ind.Ct.App.2000), *trans. denied.* In addition, the driver of a vehicle that causes damage to the property of another has a duty to immediately stop the vehicle at the scene of an accident and take reasonable steps to locate and notify the owner or person in charge of the damaged property. Ind.Code § 9–26–1–4(a)(1)(A). If the driver cannot find the owner of the damaged property, the driver shall notify local law enforcement. I.C. § 9–26–1–4(b). A driver who fails to comply with these duties commits a Class B misdemeanor. Ind.Code § 9–26–1–8(b).

Bass contends that the evidence was insufficient to sustain both of his convictions because the State failed to establish that he had been driving the vehicle on the night in question. Specifically, he asserts that the only evidence to establish that he was the driver was Officer Shuey's statement about what Fewell had told him during his investigation, which was inadmissible hearsay. We must agree.

As an initial matter, we address the State's contention that Bass has waived his hearsay argument because he failed to present cogent argument. *See* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22."). Despite the State's contentions, Bass has included citations to the record to support statements in his brief that Fewell was not present at trial and that the court nevertheless allowed Officer Shuey to testify about statements she had made to him during the investigation. He states further, along with record citations, that he objected to the officer's statement as hearsay and that the court should not have admitted Officer Shuey's statements.

While Bass did not include specific citation to the Indiana Rules of Evidence in his brief, and it is not our role to develop arguments for the parties, the substance of Bass's argument is apparent from the in-

formation contained in his brief and on the face of the record. Stated differently, a review of Bass's brief and the trial transcript shows that Bass's argument on appeal raises a textbook example of hearsay, that is, the court allowed Officer Shuey to testify about statements Fewell made when Fewell was not present at trial, and such statements were admitted to prove the truth of the matter asserted. *See* Ind. Evidence Rule 801(c). Thus, contrary to the State's assertion, Bass has not waived his hearsay argument under Indiana Appellate Rule 46(A)(8)(a).

■ "Hearsay" is a statement, other than one by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Evidence Rule 804 defines the circumstances when a declarant is unavailable, and provides exceptions for certain statements that would be otherwise inadmissible pursuant to the hearsay rule. *Williams v. State*, 757 N.E.2d 1048, 1068 (Ind.Ct.App.2001), *trans. denied.* Specifically, "unavailability as a witness" includes situations in which the declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance by process or other reasonable means." Ind. Evidence Rule 804(a)(5). Here, the trial court determined that Fewell was unavailable as a witness because she failed to appear at the trial despite the State's representation that it had subpoenaed her. Based on the information in the record, we cannot discern whether Fewell was, in fact, "unavailable" under subsection (a)(5) because it is not clear whether she had been served with the State's subpoena. And we do not have sufficient information before us to determine whether she was "unavailable" for any other reason. Still, even if she were unavailable as defined by subsection (a), the require-

ments of Evidence Rule 804(b) were not satisfied.

A declarant's unavailability as a witness alone does not render that declarant's statements admissible at trial. Rather, Rule 804(b) sets forth a list of exceptions to the hearsay rule when the declarant is unavailable as a witness. *Williams,* 757 N.E.2d at 1068. Those exceptions provide:

(1) *Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect, examination.

(2) *Statement under belief of impending death.* A statement made by a declarant while believing that the declarant's death was imminent, concerning the cause or circumstances of what the declarant believed to be impending death.

(3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement or confession offered against the accused in a criminal case, made by a codefendant or other person implicating both the declarant and the accused, is not within this exception.

(4) *Statement of personal or family history.* (A) A statement concerning the declarant's own birth, adoption, marriage, divorce, legitimacy, relationship

by blood, adoption, or marriage, ancestry, or other similar fact of personal or family history, even though declarant had no means of acquiring personal knowledge of the matter stated; or (B) a statement concerning the foregoing matters, and death also, of another person, if the declarant was related to the other by blood, adoption, or marriage or was so intimately associated with the other's family as to be likely to have accurate information concerning the matter declared.

Here, the State did not respond to Bass's hearsay objection at trial. In addition, the trial court did not explain when it ruled on Bass's objection whether Fewell's identification of Bass as the driver falls under one of the Rule 804(b) exceptions, and there is nothing in the record to suggest that Fewell's out-of-court statement would fall under any of those exceptions. Again, on appeal, the State argues waiver only, and does not address the substance of Bass's hearsay argument. Based on the record before us, we conclude as matter of law that Fewell's statement to Officer Shuey that Bass had been driving the vehicle on the night in question does not fall under any of the Rule 804(b) exceptions. While Fewell may have been unavailable as a witness under Rule 804(a), the trial court erred when it allowed Officer Shuey to testify about Fewell's statement.

When the trial court has erroneously admitted evidence, we "must disregard any error or defect which does not affect the substantial rights of the parties." Ind. Trial Rule 61. The improper admission of evidence is harmless error when the conviction is supported by such substantial evidence of guilt as to satisfy the reviewing court that there is no substantial likelihood that the questioned evidence contributed to the conviction. *Wales v. State*, 768 N.E.2d 513, 521 (Ind.Ct.App.

2002), *trans. denied.* Here, however, Fewell's inadmissible hearsay statement to Officer Shuey was the only evidence the State presented to establish that Bass was the driver of the vehicle. Without that evidence, the State did not meet its burden of proving beyond a reasonable doubt that Bass committed the crimes charged. *See In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (holding Due Process Clause of Fourteenth Amendment to United States Constitution requires that a defendant be convicted by proof of guilt beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged). Thus, the court's erroneous admission of Fewell's hearsay statement is not harmless error, and we conclude that the evidence was insufficient to sustain Bass's convictions.

We reverse.

ROBB and MATHIAS, JJ., concur.