Paul F. **FEARRIN**, Appellant
(Defendant Below),

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 06A01–8908–CR–329.

Court of Appeals of Indiana,
First District.

March 19, 1990.

Ronald L. Lehrman, Lebanon, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Paul Fearrin appeals his conviction of one count of dealing in a controlled substance, a Class B felony.

We reverse.

Because we decide this appeal on only one of Fearrin's seven issues, that of the sufficiency of the evidence, we need only set out the facts pertaining to the controlled buy. Those facts favorable to the verdict show that Mark Wilbanks was tapped by state police and Boone County authorities to work undercover introducing police to area drug dealers. One afternoon in August, 1986, State Trooper Blackburn searched Wilbanks, equipped him with a wire transmitter, and drove him to a Kerr–McGee gas station in Lebanon. Wilbanks had received $100.00 in buy money from Detective Shrock. When the officers and Wilbanks arrived at the station, Fearrin and a Judy Smith, who was an employee of Kerr–McGee, were inside. Blackburn parked his car so as to obtain a vantage point of the inside of the station, where the buy would take place. Detective Shrock and another officer parked nearby to monitor the audio portion of the transaction.

Wilbanks entered the station and spoke with Smith and Fearrin. Blackburn observed Wilbanks take out the money, hand some to Smith, and receive a small package from Smith in return. Fearrin then took a small object from his wallet and gave it to Wilbanks in exchange for money. After more conversation, Wilbanks returned to the car. He gave Blackburn a cellophane cigarette wrapper containing 20 rolled marijuana cigarettes. He also gave Blackburn five small squares of bluish-type paper, each square later found to contain one "hit" of LSD.

At trial, State's witness Judy Smith testified that she gave marijuana to the informant, but did not see what Fearrin gave Wilbanks. She said she had never given anyone LSD. Her testimony did not offer any details of the conversation between Fearrin and the informant. Wilbanks did not testify at trial, and the tape apparently yielded no usable evidence of the transaction. Fearrin was convicted by the jury of dealing in LSD, a controlled substance.

Fearrin's argument on the sufficiency of the evidence has two prongs: 1) that the evidence showing Fearrin sold LSD was circumstantial and hence too weak to support the verdict, and 2) that the State failed to rebut Fearrin's entrapment defense. We reverse because we agree that the State did not rebut the entrapment defense.

■ Entrapment exists when a government agent or someone working for the agent persuades the defendant to commit the crime charged. *Gossmeyer v. State* (1985), Ind., 482 N.E.2d 239. Once evidence includes a showing of police involvement· in criminal activity, the entrapment defense is raised. *Jackson v. State* (1982), Ind.App., 441 N.E.2d 29. Formal pleading of the defense is not required. However, it is incumbent upon the defendant to affirmatively raise the defense before the State is required to offer rebuttal evidence showing the defendant's predisposition to commit the crime. *Id.* The indicia of entrapment can be demonstrated by the State unilaterally, but entrapment cannot rise to the level of an issue until the defendant makes it an issue. *Townsend v. State* (1981), Ind.App., 418 N.E.2d 554, *cert. denied* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853. The defendant may reveal his intention to rely on an entrapment defense on cross-examination of the State's witnesses. *Id.* at 558, (citing *Harrington*

**474**

*v. State* (1980), Ind.App., 413 N.E.2d 622, 624).

■ Evidence of the police's involvement in the purchase of LSD and marijuana at the Kerr–McGee station was initially introduced by the State, as explicated in our statement of the facts. Fearrin's counsel quizzed Blackburn on the events preceding the buy, including his searching Wilbanks and wiring him. Fearrin's counsel also asked Shrock on cross-examination:

Q. Alright, let's go back, the way you described this, it seems to suggest to me, and I'll let your (sic) correct me, but it seems to suggest to me that Mr. Wilbanks was the initiating force behind this entire investigation, am I wrong about that?

A. Mr. Wilbanks was the person who could introduce us to various drug dealers in Boone County.

Q. Okay, but was this whole investigation his idea?

A. No sir.

Q. In other words, it had been planned before you discovered him in the Boone County Jail?

A. No, actually it would not have been planned, we were waiting for someone with Mark Wilbank's information, someone that was available to make introductions of a undercover unit.

Q. In other words, you had already planned to do this, but you were just waiting for the particularly well qualified person to arrive?

A. A qualified person, yes.

The above colloquy demonstrates that Fearrin affirmatively raised entrapment as an issue. The defendant must only present evidence of police involvement before the burden shifts to the prosecution to prove that the defendant has not been induced or hired by a governmental agency to commit a crime which he had no predisposition to commit. *Wallace v. State* (1986), Ind., 498 N.E.2d 961. Notably, the State does not dispute that the defendant raised the entrapment issue. Instead, its argument centers on the evidence of Fearrin's predisposition to deal in drugs. However, the State has failed to articulate *any* facts to support predisposition.

Most generally, the State may demonstrate the defendant's predisposition to deal in drugs by showing defendant's knowledge of prices and sources, possession of large quantities of the narcotic, ability to obtain access to narcotics in a short time, willingness to engage in future transactions, eagerness in the transaction in question, and knowledge of slang. *Johnston v. State* (1988), Ind., 530 N.E.2d 1179. The State may also establish predisposition by showing multiple sales to officers. *Wallace*, 498 N.E.2d at 964.

■ We have diligently searched the record, and have found no evidence establishing Fearrin's predisposition to commit the crime of dealing in narcotics. Such evidence is usually established via the informant's testimony of the defendant's reaction to a suggestion of the police agent's need for drugs. Often, a tape recording of the transaction itself supplies the indicia of predisposition. As we stated before, the jury did not hear any tape-recorded transaction, or testimony of the informant, whom the State was unable to subpoena. Kathy Smith's testimony did not reveal anything about the transaction between Fearrin and Wilbanks. The jury heard no evidence about how Fearrin was contacted, or even whether the meeting between Wilbanks and Fearrin at the Kerr–McGee station was prearranged, or whether Fearrin could often be found at that location. In short, the evidence is woefully insufficient to rebut entrapment. Entrapment is established as a matter of law if the evidence shows police activity absent any showing of predisposition on the part of the accused. *Hardin v. State* (1976), 265 Ind. 635, 358 N.E.2d 134.

Because the State failed to present sufficient evidence rebutting Fearrin's entrapment defense, we must reverse.

Judgment reversed.

RATLIFF, C.J., and MILLER, J., concur.