Donald **STRONG**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 49A02–9110–CR–460.[1]

Court of Appeals of Indiana,
First District.

May 26, 1992.

Transfer Denied July 16, 1992.

---

1. This case was reassigned to this office on April 9, 1992 by order of the Chief Judge.

Gregory S. Fehribach, Tucker Surface & Fehribach, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., and Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Donald Strong appeals his conviction after a bifurcated jury trial of prostitution as a class D felony. In the enhancement stage, the State proved that Strong has been convicted twice previously of prostitution. Strong was sentenced to three (3) years imprisonment. Strong raises two (2) issues. But, because we have found reversible error in the trial court's refusal to give Strong's tendered instruction on the entrapment defense, we address that issue only.

## FACTS

The facts in the light most favorable to the verdict indicate that on February 20,

1991, an undercover police officer was driving an old, red-panel van in a known prostitution area. Strong waived him down. The police officer drove around the block and, when he returned, Strong again waved him over. When the police officer stopped the van, Strong opened the passenger door and asked, "What are you doing?" The police officer replied that he was looking for some "head," a street term used to describe fellatio. Strong asked, "you're not a cop, are you?" The police officer responded in the negative. Strong asked the police officer if he would give him some marijuana. The police officer said he did not have any of the drug with him, but indicated he had marijuana cigarettes or "joints" at his place.

Without being asked to do so, Strong got into the police officer's van and expressed some concern about being taken to jail. When asked, Strong stated he gave "good head." The police officer asked Strong, "Do you f——?" Strong responded yes, but indicated that while he was willing to commit an act of fellatio in return for some marijuana, the police officer would have to give him more than marijuana if he wanted Strong to submit to intercourse.

The police officer then asked "Can I come in your mouth?" ("come" was explained as a street term meaning ejaculate). Strong replied, "If you want to, I aim to please." Strong went on to say "I think a person should be satisfied for what they are paying . . . or giving."

Additional facts are supplied as necessary.

## DECISION

Whether the trial court erred by refusing to give Strong's tendered instruction on the entrapment defense?

The trial court refused to give Strong's tendered instruction on the entrapment defense noting on the record that Strong had failed to raise the issue at trial. (R. p. 192) The trial court reasoned that Strong's denial that he committed the crime precluded the raising of the entrapment defense. (R.

p. 192) The State does not dispute that Strong's tendered instruction was a correct statement of the law.

 The well-settled standard of review for the determination of whether the refusal of a tendered jury instruction was error is:

(1) whether the tendered instruction correctly states the law, (2) whether there is evidence in the record to support the giving of the instruction, and (3) whether the substance of the instruction is covered by other instructions given.

*Banks v. State* (1991), Ind., 567 N.E.2d 1126, 1128. Instructional errors which do not prejudice the substantial rights of the defendant do not inevitably require reversal. *Boyd v. State* (1991), Ind., 564 N.E.2d 519. A criminal defendant is entitled to an instruction on any defense which has some foundation in the evidence, even if the evidence is weak and inconsistent. *Harrington v. State* (1980), Ind.App., 413 N.E.2d 622, *trans. denied.*

 The defense of entrapment is defined by IND.CODE 35–41–3–9 which reads:

(a) It is a defense that:

(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and

(2) the person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

Entrapment exists when a government agent or someone working for the agent persuades the defendant to commit the crime charged. *Gossmeyer v. State* (1985), Ind., 482 N.E.2d 239. The efficacy of the entrapment defense depends on whether the defendant was induced to commit the crime by police activity or whether he was already predisposed to do so. *Harrington*, 413 N.E.2d 622.

 It is incumbent upon the defendant to affirmatively raise the defense of entrapment. *Fearrin v. State* (1990), Ind.

App., 551 N.E.2d 472, *trans. denied.* If the defendant has not raised the issue of entrapment, he is not entitled to an instruction on that defense. *Harrington,* 413 N.E.2d 622. The entrapment defense is raised once the evidence includes a showing of police involvement in the criminal activity: no formal pleading of the defense is required. *Fearrin,* 551 N.E.2d 472. The indicia of entrapment can be demonstrated by the State unilaterally. *Id.* The defendant can reveal his intention to rely on the entrapment defense during the cross-examination of the State's witnesses. *Id.*

 To sufficiently raise an entrapment defense, a defendant must produce evidence of both the Government's inducement and his own lack of predisposition. *United States v. Gunter* (7th Cir., 1984), 741 F.2d 151. Even in the context of undisputed police participation in criminal activity, if evidence of the defendant's predisposition to commit the crime is presented, the defendant is not entitled to an instruction on the entrapment defense unless he presents evidence showing a lack of predisposition. *Salinas v. State* (1991), Ind.App., 566 N.E.2d 1058.

 In the present case, the indicia of entrapment cannot be seriously disputed. The arresting police officer testified that he was out "trolling" for prostitutes. The police officer defined trolling as working vice or undercover, looking to make a prostitution arrest by getting a prostitute to agree to have sex with him for remuneration. (R. p. 102, 134, 135, 141).

Our review of the record leads us to the conclusion that Strong presented substantial evidence which purported to demonstrate his lack of predisposition to commit the crime of prostitution. On cross-examination of the arresting police officer, Strong explored the nature of the police officer's "trolling" operation. (R. p. 134–136) During this cross-examination, Strong established that the police officer, and not Strong, brought up the subject of sexual activity and Strong did not say anything about sexual activity before getting into the police officer's van. (R. p. 136, 146).

Strong testified in his own defense. He denied that he agreed to commit an act of fellatio upon the police officer for any remuneration including marijuana. (R. p. 155, 157, 174, 175, 177, 178) Strong also testified that: 1) he did not wave to the police officer to attract his intention as the police officer had testified but that the police officer had waved him down (R. p. 153, 162, 163); 2) he got into the police officer's van in response to the police officer's invitation to give him a ride home (R. p. 154, 156, 157, 165, 166–169, 174); 3) he never asked the police officer if he was a cop (R. p. 164); and 4) he felt uncomfortable and nervous when the police officer brought up the subject of sexual activity. (R. p. 155–157, 167).

 We are aware of no modern Indiana authority, nor has the State directed our attention to any, that the defendant must admit that he committed the crime in order to receive an instruction on the entrapment defense. We believe the reasoning of the United States Supreme Court in *Matthews v. U.S.* (1988), 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54, represents the best approach to this question of whether defendants should be permitted to take the seemingly inconsistent positions of claiming innocence and entrapment simultaneously. The *Matthews* majority simply held that criminal defendants should be permitted to adopt alternate theories of defense and are entitled to an entrapment instruction whenever the evidence supports the theory. We are especially impressed with Justice Scalia's opinion concurring in the judgment which we set out as follows:

> I concur in the judgment of the Court because in my view the defense of entrapment will rarely be genuinely inconsistent with the defense on the merits, and when genuine inconsistency exists its effect in destroying the defendant's credibility will suffice to protect the interests of justice.
>
> The typical case presenting the issue before us here is one in which the defendant introduces evidence to the effect that he did not commit them with the requisite unlawful intent, and also introduces evidence to show his lack of predis-

position and inordinate government inducement. There is nothing inconsistent in these showings. The inconsistency alleged by the government is a purely formal one, which arises only if entrapment is defined to require not only (1) inordinate government inducement to commit a crime, (2) directed at a person not predisposed to commit the crime, but also (3) causing that person to commit the crime. If the third element is added to the definition, counsel's argument to the jury cannot claim entrapment without admitting the crime. But I see no reason why the third element is essential, unless it is for the very purpose of rendering the defense unavailable without admission of the crime. Surely it does not add anything of substance to the findings the jury must make, since findings of (1) inordinate inducement plus (2) lack of predisposition will almost inevitably produce a conclusion of (3) causality. To be sure, entrapment cannot be available as a defense unless a crime by the object of the entrapment is established, since if there is no crime there is nothing to defend against; but in that sense all affirmative defenses assume commission of the crime.

My point is not that entrapment must be defined to exclude element (3). Whether it is or not, since that element seems to me unnecessary to achieve the social policy fostered by the defense I am not willing to declare the defense unavailable when it produces the formal inconsistency of the defendant's simultaneously denying the crime and asserting entrapment which assumes commission of the crime. I would not necessarily accept such formal inconsistency for other defenses, where the element contradicted is a functionally essential element of the defense.

Of course in the entrapment context, as elsewhere, the defendant's case may involve genuine, *non* formal inconsistency. The defendant might testify, for example, that he was not in the motel room where the illegal drugs changed hands, and that the drugs were pressed upon him the the motel room by agents of the government. But that kind of genuine inconsistency here, as elsewhere, is self-penalizing. There is nothing distinctive about entrapment that justifies a special prophylactic rule.

485 U.S. at 67, 68, 108 S.Ct. at 889.

Incidentally, the facts of the present case conceivably involve a formal inconsistency of the innocuous type which fails to justify the application of a special prophylactic rule against the entrapment defense in Strong's case. The evidence supports the hypothesis that Strong was willing to accompany the police officer back to his place for drugs and sex without the requisite intent to commit prostitution; that is, the sex was optional and not contingent upon the supply of drugs.

In any event, we readily agree with Justice Scalia that, to the extent the claim of entrapment is inconsistent with a claim of innocence, the self-penalizing effect of undermining the defendant's credibility obviates any need to prohibit the defense of entrapment in cases where the defendant claims innocence. Moreover, we believe our position on this issue is especially appropriate under Indiana law because our juries have the right to determine the law in all criminal cases. Ind.Const.Art. 1, § 19; *Travis v. State* (1986), Ind., 488 N.E.2d 342.

We conclude that Strong sufficiently raised the entrapment defense in the presentation of evidence by showing police involvement in the criminal activity and evidence of his lack of a predisposition to commit an act of prostitution. Therefore, we must conclude that Strong was entitled to the giving of his tendered instruction on the entrapment defense and the trial court's refusal to give the instruction was reversible error. Accordingly, we must reverse and remand with instructions for a new trial.

Judgment reversed.

BAKER and RUCKER, JJ., concur.