Cindra SCOTT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 42A01–0105–CR–175.

Court of Appeals of Indiana.

July 26, 2002.

---

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

ROBB, Judge.

Cindra Scott was convicted of conspiracy to commit dealing in a Schedule II controlled substance, a Class B felony, and sentenced to ten years at the Indiana Department of Correction. On appeal, we affirmed her conviction in a memorandum decision, holding in part that the trial court did not err in refusing to tender an entrapment instruction to the jury because there was evidence of her predisposition to commit the crime. *Scott v. State*, No. 42A01–0105–CR–175, slip op. at 8, 763 N.E.2d 1032 (Ind.Ct.App., Feb. 14, 2002). Scott has requested rehearing, conceding the evidence of predisposition, but contending that because there was also evidence that she was *not* predisposed to commit the crime, the instruction should have been given.[1] We grant rehearing for the limited purpose of elaborating upon our entrapment discussion, but reaffirm our earlier holding.

Once the defendant has indicated an intent to rely on the affirmative defense of entrapment and has established government participation, the burden shifts to the State to show the defendant's predisposition to commit the crime beyond a reason-

---

[1] We note that the State has failed to tender a response to Scott's petition for rehearing.

able doubt. *Ferge v. State,* 764 N.E.2d 268, 271 (Ind.Ct.App.2002). "Even in the context of undisputed police participation in criminal activity, if evidence of the defendant's predisposition to commit the crime is presented, the defendant is not entitled to an instruction on the entrapment defense unless he presents evidence showing a lack of predisposition." *Strong v. State,* 591 N.E.2d 1048, 1051 (Ind.Ct. App.1992), *trans. denied.* Thus, to successfully raise an entrapment defense, the defendant must first produce evidence of the government's involvement in the criminal activity and, if the State makes a *prima facie* case of predisposition, then must also produce evidence of his lack of predisposition to commit the crime. *Id.*

▮ We noted in our original opinion that Scott herself testified that she had used methamphetamine in the past and that she was familiar with the process of manufacturing the drug. She lived with her ex-husband (and now husband again) whom she admitted was addicted to methamphetamine and who provided her with the drug. She purchased a necessary ingredient in the manufacture of methamphetamine during the investigation which led to her arrest. She was familiar with slang terms for the drug methamphetamine and indicated an awareness of the different ways methamphetamine can be ingested. Scott, however, points also to her testimony that she had never made methamphetamine before, and to testimony by the informant that he first brought up the subject of manufacturing methamphetamine and that Scott did not do or say anything to indicate her willingness to participate in the manufacture of the drug until after he had given her money to buy the ephedrine. She contends that this testimony provides some evidence negating predisposition. Because *Strong* stated that "the defendant is not entitled to an entrapment instruction unless he presents evidence showing a lack of predisposition," Scott contends that the converse, that she is entitled to the instruction if she provides some evidence showing a lack of predisposition, is also true.

▮ We acknowledge that whether a defendant is predisposed to commit the crime charged is a question for the trier of fact, assuming evidence both of predisposition and a lack thereof. *See Ferge,* 764 N.E.2d at 271 (quoting *Dockery v. State,* 644 N.E.2d 573, 577 (Ind.1994)). However, not just any evidence will suffice to rebut the State's showing of predisposition. In Indiana, the defense of entrapment turns upon the defendant's state of mind, or "whether the 'criminal intent originated with the defendant.'" *Kats v. State,* 559 N.E.2d 348, 353 (Ind.Ct.App. 1990), *trans. denied,* (quoting *United States v. Toro,* 840 F.2d 1221, 1230 (5th Cir.1988)). "In other words, the question is whether 'criminal intent [was] deliberately implanted in the mind of an innocent person[.]'" *Id.* (quoting *United States v. Killough,* 607 F.Supp. 1009, 1011 (E.D.Ark.1985)). "It is only when the government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play." *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).

The evidence adduced at Scott's trial, and particularly her own testimony that she had used methamphetamine, that she was aware of the process for making the drug, and that she willingly purchased an essential ingredient for the manufacturing process certainly indicates her predisposition to possess and use an illegal drug, and the evidence as whole supports the inference of her predisposition to participate in the manufacture of the drug. That she answered "no" when asked if she had ever

made methamphetamine before is simply insufficient to negate the State's evidence of predisposition. She need not have actually manufactured the drug before in order to be predisposed to do so. Her "evidence" of lack of predisposition was not of the type of evidence necessary to raise an issue for the trier of fact and entitle her to an entrapment instruction. We therefore reaffirm our earlier holding that the trial court did not err in determining that she had failed to negate the State's evidence of predisposition and in refusing to instruct the jury on the defense of entrapment.

KIRSCH, J., and SULLIVAN, J., concur.