Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana



FILED

Dec 31 2012, 11:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

ROy BESSLER,                          )
                                      )
    Appellant-Defendant,          )
                                      )
      vs.                       )    No. 15A04-1201-CR-37
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.           )

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathon N. Cleary, Judge
Cause No. 15D01-1105-FA-012

**December 31, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Roy Bessler ("Bessler") was convicted after a jury trial in Dearborn Superior Court of two counts of Class B felony dealing in cocaine and two counts of Class A felony dealing in cocaine. Bessler was sentenced to concurrent sentences for the four counts with an executed sentence of thirty years in the Indiana Department of Correction. Bessler appeals and argues that the trial court improperly admitted evidence of his subsequent bad acts to show his predisposition to engage in the conduct and that his executed sentence of thirty years is inappropriate in light of the nature of the offense and his character.

We affirm.

## Facts and Procedural History

On January 5, 2011, a Confidential Informant ("the CI")[1] contacted Detective Shane McHenry ("Detective McHenry") of the Dearborn County Sheriff's Department and informed the detective that Bessler had been dealing cocaine. The CI provided specific details regarding Bessler's operations, and, based on those details, the officers began to surveil Bessler.

On January 14, 2011, the CI contacted Detective McHenry and stated that Bessler had asked her if she had any friends that wanted cocaine. Undercover officer, Detective Nicholas Beetz ("Detective Beetz") met with Bessler and the CI that evening to perform a controlled buy of cocaine. They met in a parking lot, and Detective Beetz got into Bessler's truck. While Detective Beetz, the CI, and Bessler were in the truck, Bessler

---

[1] Detective McHenry had dealt with the CI in a prior case in which she provided reliable information.

2

retrieved cocaine[2] from the glove box and handed it to the CI, who then conveyed it to Detective Beetz in exchange for $250. On January 17, 2011, Detective Beetz contacted the CI, and Bessler, who was with the CI at the time, agreed to sell Detective Beetz his remaining cocaine and said he could also get Detective Beetz an "eight ball" in a couple of days.[3] Later that day, Detective Beetz met with Bessler and purchased Bessler's remaining cocaine[4] for $150.

On January 25, 2011, Bessler contacted Detective Beetz, and when Detective Beetz returned his call, Bessler agreed to sell him more cocaine. Detective Beetz purchased over three grams of cocaine[5] from Bessler for $300 and was given additional cocaine[6] with payment to be made at a later date. On January 28, 2011, Beetz paid Bessler $300 for the cocaine he had received in advance on January 25, 2011. Then later that day he again purchased cocaine[7] paying $300 dollars and promising to pay an additional $300 in the future, which Detective Beetz paid on February 4, 2011.

On February 24, 2011, detectives conducted additional surveillance and saw Bessler meet with a suspected supplier of marijuana and return to his apartment with a large duffel bag. Bessler also met with Detective Beetz that day, and Bessler discussed whether Detective Beetz might be interested in transporting marijuana for him. After

---

[2] Lab tests later confirmed that 2.10 grams of cocaine were purchased during the controlled buy.

[3] An "eight ball" is street slang for 3.5 grams of cocaine.

[4] Lab tests later confirmed the actual amount to be 1.91 grams of cocaine.

[5] Lab tests later confirmed the actual amount to be 3.69 grams of cocaine.

[6] The State did not test this substance to confirm it was cocaine, but the substance weighed 3.49 grams.

[7] Lab tests later confirmed the aggregate weight of the cocaine Bessler sold to Detective Beetz in the controlled buy on January 25, 2011 was 6.91 grams.

obtaining a search warrant for Bessler's apartment and truck, officers seized twenty pounds of marijuana. Bessler was then arrested and charged, in a separate cause of action from the current case, with Class C felony possession with intent to deliver marijuana.

On May 27, 2011, Bessler was charged with the crimes at issue in this appeal, two counts of Class B felony dealing in cocaine and two counts of Class A felony dealing in cocaine over three grams all based on the earlier cocaine sales to Officer Beetz. On November 22, 2011, Bessler filed a Motion on the Defense of Entrapment.

At trial, which began on December 12, 2011, Bessler argued the defense of entrapment. The State raised Bessler's subsequent possession of marijuana as evidence that he had a predisposition to engage in dealing cocaine. After a four-day jury trial, the jury found Bessler guilty on all counts. On January 6, 2012, Bessler was sentenced to twenty years on both Count I and Count II and to thirty years on both Count III and Count IV, all to be served concurrently in the Indiana Department of Correction. Bessler now appeals.

## I. Admission of Subsequent Misconduct into Evidence to Show Predisposition

Bessler argues that the trial court erred by allowing the State to admit evidence of Bessler's subsequent bad acts to show his predisposition to engage in dealing cocaine and that the trial court erred by failing to give a limiting instruction regarding the marijuana

4

evidence. At trial, Bessler raised entrapment[8] as a defense. The defense of entrapment turns on "the defendant's state of mind[,]" namely whether the defendant originally had the criminal intent or whether government action induced the criminal action. Scott v. State, 772 N.E.2d 473, 475 (Ind. Ct. App. 2002), trans. denied. "If a defendant indicates that he intends to rely on the defense of entrapment and establishes police inducement, the burden shifts to the State to demonstrate the defendant's predisposition to commit the crime." Espinoza v. State, 859 N.E.2d 375, 386 (Ind. Ct. App. 2006).

To rebut Bessler's defense, the State raised Bessler's prior[9] and subsequent bad acts to show that he had a predisposition to engage in the conduct. Bessler argues that the trial court abused its discretion by allowing into evidence his subsequent bad acts to show his predisposition to engage in dealing cocaine. Specifically, Bessler argues that that the trial court abused its discretion by admitting, over his objection, the marijuana evidence that was recovered pursuant to a search warrant on February 24, 2011, a date that was after the offenses for which he was charged in this case. Bessler asserts the evidence was inadmissible under Indiana Rule of Evidence 404(b).

---

[8] Indiana Code section 35-41-3-9 provides that:
    (a) [Entrapment] is a defense that:
        (1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and
        (2) the person was not predisposed to commit the offense.
    (b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

[9] Bessler does not argue on appeal that his *prior* bad acts were inadmissible to show his predisposition to deal cocaine.

We do not reach the issue today of whether Bessler's subsequent acts were admissible to show his predisposition to deal cocaine,[10] because even if the trial court erred in admitting evidence of his subsequent acts, the error was harmless. An error is harmless if there is "substantial independent evidence of guilt satisfying the reviewing court there is no substantial likelihood the challenged evidence contributed to the conviction." Turner v. State, 953 N.E.2d 1039, 1059 (Ind. 2011). "Generally, errors in the admission7 of evidence are to be disregarded unless they affect the substantial rights of a party." Id.

Factors that "indicate a predisposition to sell drugs include: knowledge of drug prices; knowledge of drug sources and suppliers; use and understanding of terminology of the drug market; solicitation of future drug sales; and multiple sales to undercover officers." Young v. State, 620 N.E.2d 21, 24 (Ind. Ct. App. 1993). In this case, Bessler admitted to buying the drugs he sold to Detective Beetz from two different suppliers, and he negotiated the prices with Detective Beetz. Tr. p. 461, 486-88, 505-06. These actions indicate Bessler was knowledgeable of drug prices and drug suppliers. Moreover, he

---

[10] We do note, however, federal courts have generally held "that subsequent similar acts may, under proper circumstances, be admissible to prove the defendant's predisposition to commit the crime charged." United States v. Moschiano, 695 F.2d 236, 244 (7th Cir. 1982) (holding that evidence that defendant had attempted to make an illegal drug purchase approximately three months after the charged incidents was admissible to refute an entrapment defense); see also United States v. Parkin, 917 F.2d 313, 316 (7th Cir. 1990) (noting that "this court has rejected any rule that subsequent acts are *per se* inadmissible to show predisposition"); United States v. Posner, 865 F.2d 654, 658 (5th Cir. 1989); United States v. Mack, 643 F.2d 1119, 1121-22 (5th Cir. 1981); United States v. Warren, 453 F.2d 738 (2nd Cir. 1972). Federal courts have explained that subsequent acts are not per se inadmissible when defendant has raised an entrapment defense and that they are relevant to show predisposition, because subsequent, similar acts "make it more probable that the defendant was predisposed to commit the offense charged." Moschiano, 695 F.2d at 244. Further, those courts have remarked that "[w]hile it is true that predisposition turns on a defendant's mental state prior to commission of the crime, that mental state may be proved by relevant and admissible evidence concerning the defendant's actions either before or after commission of the crime." United States v. Carreon, 626 F.2d 528, 535 n.14 (7th Cir. 1980).

6

used the terminology of the drug market, such as using the term "eight ball" to describe a quantity of drug. Furthermore, Bessler was involved in multiple sales to an undercover agent—he sold cocaine to Detective Beetz on four different occasions, and he had a previous conviction for dealing cocaine. For all of these reasons, we hold there was substantial independent evidence that Bessler had a predisposition to deal cocaine and conclude the admission of the subsequent acts was harmless error.

Bessler also argues that the trial court erred by failing to give a limiting instruction that the marijuana evidence was only to be considered for whether Bessler was predisposed to commit the crime of dealing in cocaine and not considered as evidence of Bessler's general propensity to deal illegal substances. At trial, Bessler did not tender a limiting instruction and did not object when the trial court failed to issue a limiting instruction. "Generally, a defendant who fails to object to the court's final instructions and fails to tender a competing set of instructions at trial waives a claim of error on appeal, unless the error identified rises to the level of fundamental error." Sanchez v. State, 675 N.E.2d 306, 308 (Ind. 1996). Bessler does not argue fundamental error on appeal, and since he did not tender limiting instructions or object when the trial court failed to issue limiting instructions, we hold that he did not preserve the issue for appeal.

## II. Sentencing

Bessler claims that the sentence of thirty years executed in the Indiana Department of Correction imposed by the trial court is inappropriate in light of the nature of his offense and of his character. Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the

Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), trans. denied (quoting Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell, 895 N.E.2d at 1224. The defendant has the burden to persuade us "that the sentence imposed by the trial court is inappropriate." Id. (citing Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

Furthermore, we focus on the aggregate sentence rather than the "'consecutive or concurrent, number of counts, or length of the sentence on any individual count.'" Heinzman v. State, 970 N.E.2d 214, 228 (Ind. Ct. App. 2012) (quoting Cardwell, 895 N.E.2d at 1225). Here, Bessler was found guilty of four counts of dealing cocaine, and Bessler's aggregate sentence was thirty years executed, which is the advisory sentence for a Class A felony. Indiana Code § 35-50-2-4.

Bessler has prior criminal convictions for battery, domestic battery, domestic violence, and driving under the influence. Bessler also has a prior conviction for Class A felony dealing in cocaine over three grams, which is particularly relevant to this case since it involves the same offense for which he was convicted for in the present case. For all of these reasons, we conclude Bessler's sentence was not inappropriate.

## Conclusion

The admission of Bessler's subsequent acts was harmless error, and his sentence was not inappropriate in light of his character and the nature of the offense.

Affirmed.

VAIDIK, J., and BARNES, J., concur