## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2016, 8:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Shane Kervin
Indiana Department of Correction
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shane Kervin,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

September 30, 2016

Court of Appeals Case No.
79A02-1410-PC-766

Appeal from the Tippecanoe
Superior Court

The Honorable Thomas Busch,
Judge

Trial Court Cause No.
79D02-1306-PC-11

**Pyle, Judge.**

# Statement of the Case

Shane Kervin ("Kervin") appeals from the post-conviction court's denial of his petition for post-conviction relief, in which he alleged that he had received ineffective assistance of trial and appellate counsel. Kervin also appeals the post-conviction court's ruling denying his request for a supplemental evidentiary hearing. Concluding that Kervin has failed to meet his burden of showing that: (1) the post-conviction court abused its discretion by denying his request for a supplemental evidentiary hearing; and (2) the post-conviction court erred by denying relief on his allegations of ineffective assistance of counsel and showing, we affirm the post-conviction court's judgment.

We affirm.

# Issues

1. Whether the post-conviction court abused its discretion by denying Kervin's request for a supplemental evidentiary hearing.

2. Whether the post-conviction court erred by denying post-conviction relief on Kervin's claim of ineffective assistance of trial and appellate counsel.

# Facts[1]

The facts of Kervin's crimes were set forth in the memorandum decision from his direct appeal as follows:

---

[1] We note that Kervin's Appendix does not comply with our Appellate Rules, including, most notably, the rule requiring the inclusion of a table of contents that "shall specifically identify each item contained in the Appendix, including the item's date." Ind. Appellate Rule 50(C). Kervin's failure to comply with the

In October 2008, Kervin delivered cocaine to Detective Walters of the Lafayette Police Department in an undercover drug buy. As a result of this occurrence, Kervin was charged with dealing in cocaine, as a Class A felony,[2] and possession of cocaine, as a Class B felony. Ind. Code § 35-48-4-6 (2006). [Prior to trial, the trial court found Kervin to be incompetent to stand trial and ordered him to be placed at Logansport State Hospital until the trial court later determined him to be competent to stand trial.] At trial, the audio recording of the drug transaction was admitted into evidence over Kervin's objection and played for the jury. Once the State rested, Kervin testified in his own defense and asserted the defense of entrapment. In order to impeach Kervin, the State questioned him about prior criminal convictions, including a prior conviction of conspiracy to commit robbery.

The jury found Kervin guilty of both charges. At sentencing, the trial court [found Kervin guilty but mentally ill of both charges and] merged the Class B felony into the Class A felony and sentenced Kervin to thirty years with eight years suspended to probation.

*Kervin v. State*, No. 79A04-1008-CR-474, *1 (Ind. Ct. App. Nov. 16, 2011) (additional relevant facts added in brackets), *trans. denied*.

[4] On direct appeal, Kervin raised two arguments challenging the trial court's admission of evidence during his jury trial. Specifically, he argued that the trial court abused its discretion by admitting: (1) evidence of his prior conviction for

Appellate Rules and his disorganized Appendix have impeded our review of this case. Additionally, Kervin, contrary to Appellate Rule 50, included a copy of the post-conviction hearing in his Appendix. *See* App. R. 50(F) (explaining that a party "should not reproduce any portion of the Transcript in the Appendix" because the "Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B)").

[2] Kervin's dealing charge was enhanced to a Class A felony based on his delivery of the drug within 1,000 feet of a family housing complex. *See* IND. CODE § 35-48-4-1(b)(3)(B)(iii) (2006).

conspiracy to commit robbery, arguing that it was not an impeachable offense; and (2) the audio recording of his drug transaction with an undercover officer, arguing that it was not of sufficient clarity. *Id.* Another panel of our Court held that Kervin had waived his challenge to the admission of his prior conspiracy to commit robbery conviction by failing to raise a timely objection at trial and that, waiver notwithstanding, any error in the admission of the evidence was harmless error because Kervin had a prior conviction for confinement that was used to impeach him. *Id.* at *1-2. Our Court also held that the trial court had not abused its discretion by admitting the audio recording and that, even if it had, any error would be harmless because it was cumulative of Detective Walters' testimony. *Id.* at *2-3.

[5] Subsequently, in November 2012, Kervin filed a pro se petition for post-conviction relief and later filed an amended petition in 2013. In these petitions, Kervin raised post-conviction claims of ineffective assistance of trial and appellate counsel. Specifically, Kervin alleged that his trial counsel had rendered ineffective assistance by: (1) failing to object to the State's evidence regarding his prior conspiracy to commit robbery conviction; (2) failing to show that the State did not rebut his entrapment defense; (3) failing to raise a defense and show mitigating factors for the enhancement of his dealing conviction (being within 1,000 feet of a family housing complex); (4) failing to "investigate circumstances and surrounding events[;]" and (5) failing to request a *Franks*

hearing[3] to challenge the probable cause affidavit. (App. 405). In regard to Kervin's ineffective assistance of appellate counsel claim, he alleged that his counsel had rendered ineffective assistance by "fail[ing] to argue *Brady* material[4] and exculpatory evidence." (App. 405). Kervin did not allege or specify what exculpatory evidence his appellate counsel had failed to argue.

[6] During the course of the post-conviction proceedings, Kervin sought to obtain a copy of a police body wire recording[5] and accompanying transcripts that were introduced as exhibits during his jury trial.[6] In March 2013, the post-conviction court ordered Kervin's trial counsel to provide a copy of his file to Kervin. The court also stated that it would address Kervin's request for the recording.

[7] Meanwhile, in May 2013, Kervin filed a motion for change of judge, which the post-conviction court granted.[7] Thereafter, in June 2013, Kervin filed a request for subpoenas. Specifically, Kervin sought to have subpoenas issued to: his trial counsel, Patrick Manahan ("Trial Attorney Manahan"); his appellate counsel, Bruce Graham ("Appellate Attorney Graham"); his trial judge, Judge Randy Williams; various police officers who testified or were involved in his

---

[3] *Franks v. Delaware*, 438 U.S. 154 (1978).

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

[5] The body wire was worn by Detective Walters.

[6] The recording was admitted as State's Exhibit 2, and the two accompanying transcripts were admitted as State's Exhibits 2a and 2b.

[7] After the Honorable Randy J. Williams granted Kervin's change of judge motion, the Honorable Thomas H. Busch assumed jurisdiction of Kervin's post-conviction proceeding.

underlying case; the informant who gave his name to police; Dr. Jeffrey Wendt, who had performed a pre-trial competency evaluation of Kervin; and a member of the ACT team, which was a group that provided housing and living assistance to Kervin at the time of his crimes.

[8] On August 22, 2013, the post-conviction court held a video conference hearing during which Kervin's requests for subpoenas and the body wire transcripts were discussed. The State objected to Kervin's subpoena requests, contending that some of his proposed witnesses were not relevant or probative of his ineffective assistance of counsel claims, and the post-conviction court ordered the parties to brief the issue. In regard to Kervin's request for the body wire transcript, the post-conviction court directed the court reporter to provide Kervin with a copy of the transcripts of the recording that had been submitted during his trial. Thereafter, in January 2014, the post-conviction court agreed to issue subpoenas to Kervin's trial and appellate counsel but denied his request for the remaining subpoenas.

[9] On April 11, 2014, the post-conviction court held a hearing on Kervin's post-conviction petition. At the beginning of the hearing, Kervin stated that he had not received a copy of the body wire recording or transcripts. The State and Kervin disagreed on whether the transcripts and recording were relevant to his post-conviction claims. The post-conviction court informed Kervin that it would allow him to proceed with the post-conviction hearing and his presentation of witnesses and, thereafter, would provide him with an opportunity to file a memorandum as to whether an additional hearing was

necessary based on the recording and transcripts. Kervin confirmed that he understood that he could submit a memorandum for the trial court to then determine whether there was a need for a further hearing.

[10] During the hearing, Kervin represented himself pro se and called his trial counsel and appellate counsel as witnesses. Kervin's trial counsel testified, in relevant part, that prior to raising the defense of entrapment at trial, he had done research and investigated the facts surrounding Kervin's offense and his background and psychological issues. Trial counsel also testified that he raised the entrapment defense "based on [his] research of the facts and the evidence in [Kervin's] particular case," even though he "was concerned that it was not going to be a successful defense." (Tr. 96).

[11] Appellate Attorney Graham testified that he had reviewed the trial transcripts and evidence and had decided to raise the two evidentiary appellate issues because he considered them to be the two strongest issues. Appellate Attorney Graham also testified that he had not raised an appellate issue about the entrapment defense because Kervin had "lost factually at trial." (Tr. 45).

[12] The post-conviction court stated that it would obtain and admit Kervin's trial transcript and exhibits into evidence. At the end of the hearing, the post-conviction court again informed Kervin that he would receive a copy of the body wire recording and transcripts, and the court instructed the parties to file proposed findings and conclusions thereafter.

[13] On June 24, 2014, Kervin filed a motion to set a supplemental hearing. In his motion, he asserted that "[t]he [s]econd evidentiary hearing is contingent upon the petitioner not receiving" the tape recording and transcript of the body wire worn by Detective Walters, which was introduced at trial as State's Exhibit 2. (App. 295). Kervin also stated that he wanted to have a supplemental hearing so he could re-subpoena and further question his trial and appellate counsel.

[14] On July 24, 2014, the post-conviction court denied Kervin's motion for a supplemental hearing. In its order, the post-conviction court—after noting that the "transcript of the body wire [wa]s part of the appellate record of [Kervin's] underlying conviction" and that it had been forwarded to both parties following the post-conviction hearing—concluded that "[n]o further hearing [wa]s required." (App. 285).

[15] Thereafter, on September 25, 2014, the post-conviction issued an order denying Kervin's petition for post-conviction relief on all claims of ineffective assistance of trial and appellate counsel specifically raised by Kervin in his post-conviction petitions. Kervin now appeals.

## Decision

[16] Kervin appeals the post-conviction court's order denying post-conviction relief on his claims of ineffective assistance of trial and appellate counsel. Our standard of review in post-conviction proceedings is well settled.

> We observe that post-conviction proceedings do not grant a
> petitioner a "super-appeal" but are limited to those issues

available under the Indiana Post-Conviction Rules. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (internal case citations omitted), *trans. denied*. Additionally, "[w]e will not reweigh the evidence or judge the credibility of the witnesses; we examine only the probative evidence and reasonable inferences that support the decision of the post-conviction court." *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007), *reh'g denied*, *cert. denied*.

### 1. Post-Conviction Procedural Ruling

Before addressing Kervin's post-conviction claims, we will first address his challenge to the post-conviction court's procedural ruling that occurred during the course of this post-conviction proceeding. Specifically, Kervin argues that the post-conviction court erred by denying his request for a supplemental hearing.

We review a post-conviction court's decision to deny a petitioner's request for a supplemental evidentiary hearing for an abuse of discretion. *See Pannell v. State*,

36 N.E.3d 477, 486 (Ind. Ct. App. 2015) (explaining that a post-conviction court has "discretion to refuse to hold an additional hearing"), *trans. denied*. Indeed, "the decision about whether or not to hold a hearing is 'best left to the [post-conviction] court's discretion.'" *Id.* (quoting *Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005), *trans. denied*).

[19] Here, at the post-conviction hearing, after Kervin stated that he had not received a copy of the body wire recording or transcripts, the post-conviction court stated that it would ensure that he received a copy of those trial exhibits. The post-conviction court also informed Kervin that it would allow him to thereafter file a memorandum regarding whether a supplemental hearing was necessary. When Kervin filed his motion for a supplemental hearing, he asserted that "[t]he [s]econd evidentiary hearing [was] contingent upon the petitioner not receiving" the recording and transcripts of the body wire. (App. 295). He also stated that he wanted to have a supplemental hearing so he could re-subpoena and further question his trial and appellate counsel. The post-conviction court denied Kervin's motion for a supplemental hearing, noting that "[n]o further hearing [wa]s required" because Kervin had received a copy of the requested trial exhibits. (App. 285). Additionally, he had already had the opportunity to question his trial and appellate counsel during the initial post-conviction hearing.

[20] Kervin has not shown that the post-conviction court's denial of his motion constituted an abuse of discretion. Indeed, Kervin had an evidentiary hearing where he was able to question his trial and appellate counsel on his ineffective

assistance of counsel claims. Moreover, he did not raise any post-conviction claims specifically relating to the body wire recording and transcripts. Because Kervin has failed to show how the post-conviction court's denial of his request for the supplemental hearing was an abuse of the court's discretion, we affirm the trial court's ruling.[8]

## 2. Post-Conviction Claims – Ineffective Assistance of Counsel

Next, we turn to Kervin's post-conviction claims regarding ineffective assistance of trial and appellate counsel.

We apply the same standard of review to claims of ineffective assistance of appellate counsel and ineffective assistance of trial counsel. *Williams v. State*, 724 N.E.2d 1070, 1078 (Ind. 2000), *reh'g denied*, *cert. denied*. A claim of ineffective assistance of counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *reh'g denied*), *reh'g denied*, *cert. denied*. "A reasonable probability arises when there is a

---

[8] In support of Kervin's argument on this issue, he cites to *Hamner v. State*, 739 N.E.2d 157 (Ind. Ct. App. 2000). We note, however, that *Hamner* involved review of a post-conviction court's denial of an initial evidentiary hearing, not a supplemental hearing as we have here.

'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012) (citing *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002)), *trans. denied*.

### A. Trial Counsel

[23] Kervin argues that his trial counsel rendered ineffective assistance by: (1) failing to "effectively establish in the presence of the jury (fact finder) that the [S]tate [had] failed to rebut both prongs of [his] defense of entrapment; and (2) failing to present the statutory mitigating factors relating to the enhancement of his dealing offense for being within 1,000 feet of a family housing complex, specifically that he was present at the family housing complex for only a brief period of time and at the suggestion of the police.[9]

[24] Before addressing Kervin's claims, we note that:

> There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Counsel is afforded considerable discretion in choosing strategy and tactics, and these decisions are entitled to deferential review. Isolated mistakes,

---

[9] Kervin also appears to attempt to argue other ineffective assistance of trial counsel claims. These arguments are waived because he did not provide a cogent argument, *see* Ind. App. Rule 46(A)(8)(a), or because he did not raise them in his post-conviction petitions. *See Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) ("Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal."), *reh'g denied*, *cert. denied*; Ind. Post–Conviction Rule 1(8) ("All grounds for relief available to a petitioner under this rule must be raised in his original petition.").

> poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective.

*Stevens v. State*, 770 N.E.2d 739, 746-47 (Ind. 2002) (internal citations omitted), *reh'g denied*, *cert. denied*. "Few points of law are as clearly established as the principle that '[t]actical or strategic decisions will not support a claim of ineffective assistance.'" *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (quoting *Sparks v. State*, 499 N.E.2d 738, 739 (Ind. 1986)), *reh'g denied*.

[25] In regard to Kervin's two ineffective assistance of trial counsel claims, the post-conviction court determined that Kervin had failed to meet his burden of establishing grounds for relief on these claims. The post-conviction court made several findings (Findings 8-19) on Kervin's claim that his trial counsel failed to show that the State had not rebutted his entrapment defense. It also entered findings (Findings 20-23) addressing his claim that his trial counsel had failed to argue statutory mitigating factors that could have mitigated the enhancement of his dealing offense for being within 1,000 feet of a family housing complex (i.e., that he was present at the family housing complex for only a brief period of time and at the suggestion of the police).

[26] Turning to Kervin's claim that his trial counsel failed to show that the State had not rebutted his entrapment defense, we note that our Indiana Supreme Court recently explained the defense of entrapment as follows:

> Entrapment in Indiana is statutorily defined:
>
> (a) It is a defense that:

> (1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and
>
> (2) the person was not predisposed to commit the offense.
>
> (b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.
>
> Ind. Code § 35-41-3-9 (2008). A defendant does not need to formally plead the entrapment defense; rather, it is raised, often on cross-examination of the State's witnesses, by affirmatively showing the police were involved in the criminal activity and expressing an intent to rely on the defense. *Wallace v. State*, 498 N.E.2d 961, 964 (Ind. 1986); *Fearrin v. State*, 551 N.E.2d 472, 473 (Ind. Ct. App. 1990). Officers are involved in the criminal activity only if they "directly participate" in it. *Shelton v. State*, 679 N.E.2d 499, 502 (Ind. Ct. App. 1997) (finding, where officers merely placed deer decoy in field, they did not "directly participate in the criminal activity of road hunting," and the defendants thus failed to raise the entrapment defense). The State then has the opportunity for rebuttal, its burden being to disprove one of the statutory elements beyond a reasonable doubt. *Riley v. State*, 711 N.E.2d 489, 494 (Ind. 1999); *McGowan v. State*, 674 N.E.2d 174, 175 (Ind. 1996) (holding because entrapment is established by the existence of two elements, it is defeated by the nonexistence of one). There is thus no entrapment if the State shows either (1) there was no police inducement, or (2) the defendant was predisposed to commit the crime. *Riley*, 711 N.E.2d at 494.

*Griesemer v. State*, 26 N.E.3d 606, 608-09 (Ind. 2015).

[27] When addressing Kervin's claim that his trial counsel failed to show that the State had not rebutted his entrapment defense, the post-conviction court

recounted the entrapment-related evidence presented at trial that tended to rebut Kervin's entrapment defense, and then made the follow relevant finding:

> 18. Furthermore, counsel submitted an instruction to the jury on entrapment, and argued that defense on closing. Counsel gave the jury the opportunity to consider that the act of dealing was induced by the State, and that [Kervin] was not predisposed to deal, but the jury did not agree that the State had not refuted that contention, and found [Kervin] guilty. *Trial record at 372, 389-91*.

(App. 197). Contrary to Kervin's assertion, his trial counsel's performance was not deficient. Furthermore, Kervin has failed to show what more his counsel should have done and that there is a reasonable probability that, but for his trial counsel's alleged errors, the result of the proceeding would have been different. Accordingly, we affirm the post-conviction court's denial of post-conviction relief on this ineffective assistance of counsel claim.

[28] Next, we review Kervin's claim that his trial counsel was ineffective for failing to show statutory mitigating facts for the enhancement of his dealing offense. Here, Kervin was charged with dealing cocaine, which was elevated to a Class A felony because he dealt it within 1,000 feet of a family housing complex. *See* I.C. § 35-48-4-1(b)(3)(B)(iii) (2006). INDIANA CODE §§ 35-48-4-16(b) and (c) provide that it is a defense to the enhancement to a Class A felony if the individual was only within 1,000 feet of a family housing complex briefly or if the individual was there only at the request or suggestion of law enforcement.

[29] During the post-conviction hearing, Kervin's trial counsel testified that he was aware of these factors under INDIANA CODE § 35-48-4-16 and that he did not

raise them because there was trial evidence showing that Kervin directed the detective to the apartment complex and that he was there for more than just a brief time. When denying Kervin post-conviction relief on this ineffective assistance of counsel claim, the post-conviction court found, in relevant part, that:

> 20. [Kervin's] argument that counsel failed to raise the defense that he was in the Sun Villa Apartments, while dealing, for only a brief period, is inapt. (Also, it is not necessary that the charging information contain the exact times the transaction began and ended).

> 21. The evidence showed that [Kervin] and [the] detective went to Sun Villa Apartments at [Kervin's] direction. Therefore he cannot now be allowed to argue that he should not be penalized because he conducts his narcotics transactions speedily.

> * * * * *

> 30. Here the Court does not find that [trial] counsel was ineffective. In fact counsel for [Kervin] was conscientious, diligent and zealous in his representation, and in fact addressed at the time of trial the issues [Kervin] raises here for the Court. Counsel did not conduct errors, and therefore [Kervin] is unable to show that the outcome of the proceeding would have reasonably been different.

(App. 197). Because trial counsel's decision not to argue these factors was a strategic decision, Kervin cannot show that his counsel's performance was deficient. *See McCary*, 761 N.E.2d at 392 (explaining that tactical or strategic decisions will not support a claim of ineffective assistance of counsel). Accordingly, we affirm the post-conviction court's denial of post-conviction relief on this ineffective assistance of counsel claim. *See French*, 778 N.E.2d at

824 (holding that a petitioner's failure to satisfy either of the two prongs of an ineffective assistance of counsel will cause the claim to fail).

### B. *Appellate Counsel*

[30] Lastly, Kervin contends that the post-conviction court erred by denying him post-conviction relief on his ineffective assistance of appellate counsel claim. Ineffective assistance of appellate counsel claims "'generally fall into three basic categories: (1) denial of access to an appeal, (2) waiver of issues, and (3) failure to present issues well.'" *Garrett v. State*, 992 N.E.2d 710, 724 (Ind. 2013) (quoting *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006)). Kervin argues that his appellate counsel rendered ineffective assistance because he failed to raise a challenge to his entrapment defense on appeal. Thus, his ineffective assistance of appellate counsel claim is based upon category (2).

[31] "Because the decision regarding what issues to raise and what arguments to make is 'one of the most important strategic decisions to be made by appellate counsel,' ineffectiveness is very rarely found." *Conner v. State*, 711 N.E.2d 1238, 1252 (Ind. 1999), (quoting *Bieghler v. State*, 690 N.E.2d 188, 193 (Ind. 1997), *reh'g denied*, *cert. denied*), *reh'g denied*, *cert. denied*. "'Accordingly, when assessing these types of ineffectiveness claims, reviewing courts should be particularly deferential to counsel's strategic decision to exclude certain issues in favor of others, unless such a decision was unquestionably unreasonable.'" *Id.* (quoting *Bieghler,* 690 N.E.2d at 194).

[32] We, however, need not review Kervin's argument that his appellate counsel rendered ineffective assistance by failing to raise an entrapment issue on appeal because Kervin did not present this claim in his initial or amended post-conviction petitions. "Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal." *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) (citing Ind. Post–Conviction Rule 1(8) ("All grounds for relief available to a petitioner under this rule must be raised in his original petition."), *reh'g denied*, *cert. denied*. In his amended post-conviction petition, Kervin alleged that he had received ineffective assistance of appellate counsel because counsel had "failed to argue *Brady* material and exculpatory evidence." (App. 405). Because Kervin did not raise this ineffective assistance of appellate counsel claim (failure to raise an entrapment issue on direct appeal) in his post-conviction petition that he now attempts to raise on appeal, he has waived any such argument. *See, e.g., Koons v. State,* 771 N.E.2d 685, 691 (Ind. Ct. App. 2002) (holding that issues not raised in the petition for post-conviction relief may not be raised for the first time on the post-conviction appeal; the failure to raise an argument in the petition waives the right to raise the argument on appeal), *trans. denied.*[10]

---

[10] Moreover, waiver notwithstanding, Kervin's claim is without merit because he has failed to show that if counsel had pursued the issue on direct appeal, then our Court would have reversed his convictions and remanded the cause for a new trial. *Garrett*, 992 N.E.2d at 724 (explaining that the prejudice prong for the waiver of issues category of an ineffective assistance of appellate counsel claim requires an examination of whether the issues that appellate counsel failed to raise would have been clearly more likely to result in reversal or an order for a new trial).

[33]     Affirmed.

Kirsch, J., and Riley, J., concur.